# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ANTHONY LORANCE WILLIAMS** | **CIVIL ACTION NO. 06-2142-P** |
| **VERSUS** | **JUDGE WALTER** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Anthony Lorance Williams[1] ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on November 9, 2006. Plaintiff is currently incarcerated at FCI-Coleman Low in Coleman, Florida, but he complains his civil rights were violated by prison officials while detained at the Caddo Correctional Center in Shreveport, Louisiana. He names the Caddo Correctional Center Staff, Steve Prator, Bobby Wyche, Rick Farris, Sgt. Piggs, Sgt. Carter, Deputy Henry, Deputy Gaines, Deputy Page and the State Fire Marshall as defendants.

---

[1] Plaintiff claims he was a federal pre-trial detainee at the time of the incidents complained about in this action.

Plaintiff claims Caddo Correctional Center was overcrowded while he was detained there. He claims he was housed in a two person cell with two other inmates. He claims the cell only had two bunks and two towel hooks. Plaintiff claims that at times he had to sleep on a floor mattress. He claims there was no ladder to access the top bunk and he had to jump over his cell mates to access it. He claims inmates had to step on one another to move in their cells and as a result he had to seek medical treatment for strains, bruises and cuts. He claims there was no access to a writing desk and as a result his ability to correspond with his attorney was hindered. He further claims that triple celling inmates is a fire risk and the facility conducted no fire drills. He claims the fire marshall signed the inspections even though inmates were triple celled on the top tier.

Plaintiff claims that as a pretrial detainee, he was discriminated against because as of November 14, 2006, federal inmates had only one cell mate. He claims pre-trial inmates should have the same rights as the federal inmates.

Plaintiff claims that because of the overcrowding, he was involved in physical altercations. He claims he was only able to perform minimal hygienic duties because he feared an altercation with his cell mates if water splashed on them or their property. He claims that on September 21, 2006, he accidentally splashed water on his cell mate's locker as he was wiping down the cell walls. He claims his cell mate threatened him with physical harm if he did it again.

Plaintiff claims that on September 3, 2006, Deputy Henry and Sgt. Gaines made him eat his lunch in cell because there were not enough chairs. He claims that eating in the cell is unsanitary because this is where he and his cell mates used the restroom.

Plaintiff claims that on September 5, 2006, his cell mate was ill and defecated on himself. He claims he informed Deputy Henry and Sgt. Gaines of the situation. He claims they refused to give him cleaning supplies and told him to clean it up with toilet paper since no blood was involved.

Plaintiff claims that because of the overcrowding, the noise level in the dorm was extremely high. He claims that because of this situation, his phone privileges were regularly revoked and he therefore had limited access to his attorney. He claims his requests for a transfer were denied.

Plaintiff claims that on June 29, 2006, Sheriff Steve Prator, Bobby Wyche and Deputy Stevens issued a memo regarding recreation times in response to grievances filed by inmates in the administrative remedy procedure. He complains the inmates were only allowed three hours of recreation time each day after the memo was released. Plaintiff claims that on September 27, 2006, he was denied recreation privileges by Sgt. Carter and Deputy Page. He claims this denial was a mass punishment. Plaintiff claims that because of this mass punishment, he was unable to contact his attorney on this day.

Plaintiff claims he began filing grievances in the administrative remedy procedure on September 1, 2006. He complains his rights were violated because Sgt. Piggs improperly

denied and/or rejected the grievances that he filed in the administrative remedy procedure. He claims she therefore failed in her duty to respond to the alleged violations of his civil rights.

Accordingly, Plaintiff seeks monetary compensation, punitive damages, injunctive relief, declaratory relief, and any other relief to which he is entitled.

**LAW AND ANALYSIS**

**Conditions of Confinement/Episodic Act or Omission Claims**

It should first be noted that Section 1983 does not establish substantive rights, but only provides a method for vindicating federal rights conferred elsewhere. Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999). Because Plaintiff was a pre-trial detainee and not a convicted prisoner, the Eighth Amendment's prohibition against cruel and unusual punishment is inapplicable. Edwards v. Johnson, 98-30972, p.4 (5th Cir. 2000) (2000WL373976), citing, Ortega v. Rowe, 796 F.2d 765, 767 (5th Cir. 1986), cert. denied, 481 U.S. 1013, 107 S.Ct. 1887 (1987). A pre-trial detainee's constitutional claims are considered under the Fourteenth Amendment due process clause rather than the Eighth Amendment. Id.

In evaluating such constitutional claims, the court must first classify them as in Olabisiomotosho, 185 F.3d 521 (5th Cir. 1999), where the Fifth Circuit established a format for the proper analysis applicable to constitutional challenges by pre-trial detainees:

> We begin by deciding whether to classify the "challenge as an attack on a 'conditions of confinement' or as an 'episodic act or omission.' The former

category would include such claims as "where a detainee complains of the number of bunks in a cell or his television or mail privileges." The latter category, on the other hand, occurs "where the complained-of harm is a particular act or omission of one or more officials."

Olabisiomotosho, Id. (citations omitted).

**Episodic Act or Omission Claims**

In an episodic act or omission case, . . . the plaintiff "must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [his] constitutional rights." Subjective deliberate indifference means "the official had subjective knowledge of a substantial risk of serious harm to a pre-trial detainee but responded with deliberate indifference to that risk."

Olabisiomotosho, Id. (citations omitted).

The Court finds that several of Plaintiff's claims should be classified as episodic acts or omissions. Thus, the proper analysis to be applied by this Court is a standard of subjective deliberate indifference as enunciated by the United States Supreme Court in Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994). Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996).

Plaintiff claims that on September 3, 2006, Defendants made him eat his lunch in his cell because there were not enough chairs. He claims that eating in his cell is unsanitary because this is where he and his cell mates used the restroom. Plaintiff does not allege that his meal came into direct contact with the toilet or even that someone used the restroom in his cell while he was eating. The Court finds that eating a meal in a cell where there is also a toilet does not create a substantial risk of serious harm.

Plaintiff claims that on September 5, 2006, his cell mate was ill and defecated on himself. He claims Defendants denied him cleaning supplies and told him to clean his cell with toilet paper since there was no blood. The Court finds that the denial of cleaning supplies does not create a substantial risk of serious harm since Plaintiff could have cleaned his cell with toilet paper and water.

Plaintiff claims that on September 27, 2006, he was denied recreation privileges because of a mass punishment. He claims he was inconvenienced because he was unable to contact his attorney due to the restriction. The Court find that the denial of recreation privileges for one day does not create a substantial risk of serious harm.

Accordingly, Plaintiff's episodic act and omission claims lack an arguable basis in fact and law and should be dismissed with prejudice as frivolous.

**Conditions of Confinement Claims**

With respect to the claims falling into the category of "conditions of confinement," the pre-trial detainee is not permitted to be punished. Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979). The proper inquiry is whether the complained-of conditions amount to punishment of the detainee. Id. A pre-trial detainee's due process rights are said to be "at least as great as the Eighth Amendment protections available to a convicted prisoner." Hare, 74 F.3d, at 639 (5th Cir. 1996), quoting, Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 2983 (1983). "[A] pre-trial detainee cannot be subjected to conditions

or restrictions that are not reasonably related to a legitimate governmental purpose." Hare, 74 F. 3d, at 640.

In analyzing Plaintiff's allegations regarding the conditions of confinement, the proper inquiry is whether these allegations involve conditions amounting to punishment of the detainee. Bell, 441 U.S. at 535. To determine whether a condition of pretrial detention amounts to punishment, the Court must decide whether the condition is imposed for the purpose of punishment or whether it is incident to some legitimate governmental purpose and whether it is excessive in relation to that purpose. Bell, 441 U.S. at 538. However, for all detainees, "'[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned.'" Bell v. Wolfish, 441 U.S. at 539 n. 21, 99 S.Ct. at 1874 n. 21, quoting Ingraham v. Wright, 430 U.S. at 674, 97 S.Ct. at 1414). "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999), quoting, Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released." Bell, 99 S.Ct. at 1875. Courts need not "detail the precise extent of the legitimate governmental interests," however, "the effective management of the detention facility . . . is a valid objective that may justify imposition of conditions and restrictions of detention and dispel any inference that such restrictions are intended as punishment." *Id.* In

sum, under this standard, Plaintiff's complaint must demonstrate some intent to punish by the defendant to support a constitutional claim.

Plaintiff claims he was deprived of adequate cell space. He claims three people were detained in his cell which was a two person cell. He claims the cell only had two bunks and two towel hooks. As a result, Plaintiff claims that at times he had to sleep on a floor mattress or jump over his cell mates to access the top bunk. He claims it was difficult to move in his cell and he and his cell mates were forced to step on one another. He claims there was not a writing desk in his cell. He claims that triple celling inmates on the top tier is a fire hazard. He does admit that the fire marshall inspected the facility and the facility passed the inspection. He claims that overcrowding caused tension among the inmates and increased the likelihood of physical altercations. He claims he was only able to perform minimal hygienic duties because he feared splashing water on his cell mates and their property. He claims the noise level in the dorm was extremely high. He claims that at times he would be subjected to phone restrictions because of mass punishments.

Detainees are likely to be required to share toilets, sinks and tables as a result of being detained, an inconvenience which falls into the de minimus category of imposition with which the Constitution is not concerned.'" Bell, 441 U.S. at 535; Ingraham, 430 U.S. at 674. Once again, "[t]he Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999), quoting, Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). Plaintiff also does not allege an intent

on the part of the named defendants to punish pre-trial detainees by overcrowding living quarters. The living arrangements described do not appear to be conditions amounting to punishment of the detainee. Plaintiff does not allege that he has suffered any injury more that a de minimus one as a result of the cell size or capacity. Finding this complaint to be one regarding comfort level, Plaintiff has not alleged a constitutional violation.

Accordingly, Plaintiff's conditions of confinement claims lack an arguable basis in fact and law and should be dismissed with prejudice as frivolous.

**Retaliation**

Plaintiff claims that on June 29, 2006, Defendants issued a memo in response to several kites and grievances filed regarding the amount of time they received for recreation. He claims the memo informed the inmates that they received eight hours of recreation time per day which was 53 hours more than the required three hours per week. He claims that after this memo was released, the recreation time was decreased to three hours per day.

To state a claim of retaliation, an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident--such as the reduction in recreation time--would not have occurred. Woods v. Smith, 60 F.3d 1161 (5th Cir. 1995), citing Mt. Healthy City School Board District Bd. Of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Plaintiff's allegations that he was retaliated against by Defendants are unconvincing. The retaliatory motive alleged by Plaintiff is entirely conclusory as he provides no evidence

that "but for" this motive, the recreation time was reduced from eight hours a day to three hours a day. Accordingly, these actions by prison officials do not implicate any constitutional rights and his retaliation claim should be dismissed with prejudice as frivolous.

**Discrimination**

Plaintiff claims that as a pretrial detainee, he was discriminated against because federal inmates housed at the Caddo Correctional Center had only one cell mate. He claims pretrial detainees should have the same rights as the federal inmates To the extent Plaintiff claims that he was denied equal protection, this claim is not cognizable.

The Equal Protection Clause requires that similarly situated persons be treated alike. Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To establish an equal protection claim, a plaintiff must establish that (1) the state created two or more classifications of similarly situated persons that were treated differently; and (2) the classification had no rational relation to any legitimate governmental objective. See Johnson v. Rodriguez, 110 F.3d 299, 306-07 (5th Cir.), cert. denied, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Also, a plaintiff may also state an equal protection claim if he alleges that his disparate treatment was motivated by any illegitimate animus or ill-will. See Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir.2000).

Plaintiff does not allege or show that he was treated differently from other similarly situated inmates who were pretrial detainees. Also, Plaintiff does not allege facts showing that he was singled out for ill treatment for any impermissible reason. Plaintiff does not meet

the first criteria for an equal protection violation and has therefore failed to state a claim upon which relief can be granted. Accordingly, his discrimination claim should be dismissed with prejudice as frivolous.

**Grievance Procedure**

Plaintiff claims Sgt. Piggs improperly denied and/or rejected the grievances he filed in the administrative remedy procedure. He claims she therefore failed in her duty to respond to the alleged violations of his civil rights. Inmates do not have a constitutionally protected right to a prison administrative grievance procedure. See <u>Oladipupo v. Austin, et al.</u>, 104 F.Supp.2d 626 (United States District Court, Western District of Louisiana 4/24/00); <u>Brown v. Dodson, et al.</u>, 863 F. Supp. 284 (United States District Court, Western District of Virginia 6/2/94); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to comply with a state administrative grievance procedure is not actionable under Section 1983 because a state administrative grievance procedure does not confer any substantive constitutional right upon prison inmates. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988), <u>cert. denied</u>, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231. Furthermore, state administrative grievance procedures are separate and distinct from state and federal legal procedures. Thus, a prison official's failure to comply with state administrative grievance procedures does not compromise an inmate's right of access to the courts. <u>Flick</u>, <u>supra</u>. Thus, insofar as Plaintiff alleges that Defendants failed to comply with the prison administrative grievance procedure, those allegations, standing alone, do not provide an arguable basis for recovery under Section 1983.

Accordingly, Plaintiff's administrative grievance claims lack an arguable basis in fact and law and should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff is a prisoner, this Court may dismiss the complaint before or after service of process, and before or after answers have been filed, if it finds the complaint "frivolous" or if it "fails to state a claim upon which relief may be granted". See 28 U.S.C. § 1915A; See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998), cert. denied, 527 U.S. 1041 (1999).

For the reasons heretofore stated, the Court finds that the complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law and fact and is frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE